TOWN OF THETFORD *v.* JEDEDIAH KILBURN ET AL.

*Notice. Highway. Practice.*

Where commissioners have decided that a highway ought to be laid out, it would be error for them to proceed to ascertain what damages should be awarded to the owners of the land through which the road passed, without giving notice to the town as well as to the owners of the land, so that it might appear and be heard upon that subject.

Under our practice it would not be necessary to quash the whole proceedings in such a case, but only to remand it to the county court to be sent out to the commissioners to appraise the damages anew with notice to the town and the persons interested.

The original proceeding in this case was a petition to the county court to lay out a new road in the town of Thetford.

After the commissioners had directed that a road ought to be laid out, they proceeded to award damages to the owners of the land through which the road was laid without giving notice to the town. Exceptions were taken to the report of the commissioners. The court at the June Term, PECK, J., presiding, overruled the exceptions and rendered judgment against the town for land damages.

The case passed to the supreme court upon a *certiorari*.

The material facts are stated in detail in the opinion of the court.

*A. Howard,* for the town of Thetford.

It was *error* in the county court to accept the report and render judgment against the town for land damages without notice. *Commonwealth* v. *Cambridge,* 4 Mass. 627; *Commonwealth* v. *Chase et al.,* 2 Mass. 170; *Commonwealth* v. *Coombs,* 2 Mass. 489; *Commonwealth* v. *Sheldon et al.,* 3 Mass. 188; *Commonwealth* v. *Peters,* 3 Mass. 229; *Commonwealth* v. *Cambridge,* 7 Mass. 158; *Commissioners* v. *Claw,* 15 Johns. 537; *State* v. *Baring,* 8 Greenl. 135; *Lancaster* v. *Pope et al.,* 1 Mass. 86; *Whitney et al.* v. *Silver,* 22 Vt. 634; *Alexander* v *Abbott,* 21 Vt. 476; *Stone* v. *Seaver,* 5 Vt. 549; *Marvin* v. *Wilkins,* 1 Aik. 107.

We contend that the *statute* requires notice to be given. Comp. St. 167, secs. 36, 37; 165, sec. 26; 172, sec. 60; 166, secs. 32, 33. Upon the question of the construction of the statute, see *Ryegate* v. *Wardsboro,* 30 Vt. 746; *Henry* v. *Tilson,* 17 Vt. 479; *Dutton* v. *Vt. M. F. Ins. Co.,* 17 Vt. 369; *Catlin* v. *Hull,* 21 Vt. 152; *Barker* v. *Esty et al.,* 19 Vt. 131; *Isham* v. *Bennington I. Co.,* 19 Vt. 230; *Mattoon* v. *Mattoon,* 22 Vt. 450.

*C. W. Clark,* for the defendants.

Notice to the town on assessment of land damages is not

required by the statute, and is not necessary. Comp. St. 167, sec. 37.

The cases cited from Massachusets reports do not apply. By the Massachusetts statute, the court of sessions decide upon the question of the necessity of the way in the first instance, and upon finding it necessary they appoint commissioners simply to *locate* the road, and these cases show that notice of the original application is necessary. *Commonwealth* v. *Coombs*, 2 Mass. 489 ; 3 Mass. 229 ; 4 Mass. 627 ; 6 Mass. 491.

This is not an adversary proceeding. The petitioners and the town are the adverse parties, and the petitioners have no interest in the question of damages to the land owners. They have nothing to do with the subject.

ALDIS, J.,  The defendants petitioned the county court to lay out a new road in Thetford. Notice was duly served, the petition entered in court, the town appeared, commissioners were appointed who " appointed a time and place for examination and hearing," according to sec. 36 chap. 22 of the compiled statutes, and gave due notice thereof to all interested. The town of Thetford appeared and was heard upon the subject of " convenience and necessity of the highway," sec. 36 *ut supra*. So far it is not claimed that there was error.

But it is said, that after the commissioners decided " that the highway ought to be laid out," according to sec. 37, chap. 22, C. S., they proceeded to ascertain what damages should be awarded to the owners of lands through which the road passed without giving notice to the town, so that it might appear and be heard upon that subject. Was this error?

The statute requires that notice shall be given to the persons interested in the lands, sec. 37, but does not in express terms require notice to be given to the town.

It is claimed that notice of the time and place for hearing under sec. 36, is sufficient and that the town should take notice of the time when the hearing upon damages will be had. But it is not certain that there will be a hearing for damages. If the

commissioners decide that the highway ought not to be laid, there will not be such a hearing.   Hence the town can not take notice of such time and place.

The sessions of the commissioners are not always held pursuant to regular adjournments—at least as to the assessment of damages.   The commissioners consider the case after the hearing, and when they come to a conclusion, give notice of it to the parties.   They do not by adjournment, fix a time certain for the hearing of damages, but leave such time to be determined, after they have decided that the highway must be laid, as the circumstances of the case may make it necessary or reasonable.   Hence without notice to the town, it can not know when the hearing as to damages may be had.

The town has to pay the damages—their amount is often a very important element of the expense of the highway.   We think so important a proceeding ought not to be had without notice to the town, and that the spirit of the law requires it. No notice was here given.   No adjournment to any time or place from which they might have inferred that action might be had.

The statute contemplates notice to the town so that they may be heard in reference to the land damages.

The committee are to notify the towns as well as the landowners, when they will examine and decide as to laying the road.   It is evident that the statute contemplates that the proceedings are to be continuous from the commencement to the conclusion, and the town having notice of the commencement, have a full opportunity to be present at the whole proceeding.

Notice is also required to be given at the outset to the land owners, but as they may have no interest in contesting the laying of the road they may not appear, and as from the very nature of the proceeding it cannot be known in advance precisely the route that will be taken, or whose land may be taken, therefore the statute requires a subsequent notice to each land owner specifically, of a time and place when he can be heard on the subject of his damages.

In this case, the commissioners after deciding to lay the road, separated without any adjournment of their proceedings, and subsequently fixed a day for hearing the land owner's claims for damages, and notified the land owners, but gave no notice to any officer of the town, so that they could appear. When the case arrived at this point, the town and the land owners became the adversary litigating parties, and the appraisal became a judgment between them affecting the interest of each, and both should have notice so that they might have opportunity to show any facts properly affecting such judgment. If the proceedings had been continuous no further notice would have been necessary to the town, but by the course taken the original notice become ineffectual to give the town such opportunity and they should have had a further notice.

It is necessary to the legal and binding validity of any judgment, that the parties to be bound by it should have an opportunity to be heard before they are concluded.

Under our practice it is not necessary to quash the whole proceedings, but only to remand it to the county court to be sent out to the commissioners to appraise the damages anew with notice to the town and the persons interested.